IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

James Muhammad (*aka*, James Muhammad Wright *aka* James H. Wright, Sr.

Petitioner,

vs.

John J. Connery, M.A. Interim Director, Department of Mental Health; and Henry McMaster, Attorney General for South Carolina,

Respondents.

Civil Action No. 3:05-3441-CMC-JRM

**REPORT AND RECOMMENDATION**

Petitioner, James Muhammad ("Muhammad"), is committed to the South Carolina Department of Mental Health ("DMH") and housed at the William S. Hall Psychiatric Institute's Columbia Car Center ("CCC"). CCC is a facility operated by Just Care, a private contractor with DMH. Muhammad filed a petition for writ of habeas corpus on December 8, 2005. Respondents filed a Return and Motion for Summary Judgment on February 15, 2006. Because Muhammad is *pro se* an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 9, 2006, advising him of his responsibility to properly respond to the summary judgment motion. Muhammad filed a response on March 28, 2006.

## Procedural History

Respondents filed copies of state court records in support of their motion for summary judgment. Review of these record shows:

1. In May of 1997, Muhammad was indicted by the Aiken County Grand Jury, under the name of James H. Wright, Sr., for assault and battery of a high and aggravated nature alleged to have been committed in July of 1995.

2. Muhammad was found not guilty by reason of insanity on June 17, 1997.

3. Muhammad's attorney filed a notice of intent to appeal challenging the trial court's ruling that "he could not proceed without counsel and that he had to accept his attorney's decision to proceed on the insanity defense."[1]

4. After a hearing Muhammad was committed to the William S. Hall Psychiatric Institute on September 4, 1997, for treatment pursuant to S.C. Code Ann. § 17-24-40(c).

5. On July 3, 1999, the Honorable Frank Epps ordered that Muhammad be released on certain conditions pursuant to S.C. Code Ann. § 17-24-40(C)(2)(a).

6. In June of 2004 Muhammad was recommitted to DMH for violating the conditions imposed by Judge Epps.

7. On November 1, 2005, Muhammad was arrested for bank fraud in Aiken County. Apparently, based on this arrest and following assessment, Muhammad was again recommitted to DMH, for violating continuing conditions.

## Grounds for Relief

Muhammad asserts three "bare bone" grounds for relief which he does not factually support:

1. Prosecuted illegally, without due process.

---

[1]The State's motion to dismiss the appeal was granted by the South Carolina Court of Appeals on March 3, 1999.

2. Illegally locked up without warrants or true facts.
3. False imprisonment habeas corpus.

## Discussion

Muhammad appears to assert that his involuntary commitment to DMH violated his right to due process. He does not specify whether the alleged violation pertains to his initial commitment or his re-commitments. It is clear that claims challenging involuntary commitment to mental institutions are cognizable under § 2254. Miller v. Blalock, 356 F.2d 273 (4th Cir. 1966). Respondents assert they are entitled to summary judgment because Muhammad has failed to factually support his claims and has failed to exhaust his claims in state court. Muhammad has not responded to these arguments.

Before an involuntary committed mental patient can seek a writ of habeas corpus in this Court, he is required to exhaust his available state remedies. Id. The South Carolina Code establishes procedures for judicial commitment of criminal defendants to DMH who are found not guilty by reason of insanity. (See S.C. Code Ann. § 17-24-40). The statute contains due process protections. Although the statute contains no specific reference to the appealability of commitment orders, they may be appealed pursuant to SCACR 201.[2] See State v. Hudson, 336 S.C. 237, 519 S.E.2d 577 (Ct. App. 2000) (State appeal from order issued pursuant to § 17-24-40). Muhammad

[2]Respondents state that Muhammad has an appeal available pursuant to S.C. Code Ann. § 44-17-620. The undersigned disagrees. That section allows an appeal from the probate court to the circuit court after commitment by the probate court. Muhammad was not committed by the probate court.

has not appealed his original or subsequent orders of commitment. Thus, he has failed to exhaust his state remedies.[3]

Respondents also argue that the petition should be dismissed because it fails to state a claim upon which relief can be granted. This argument is based on two Tenth Circuit opinions[4] which hold that a petition which is not factually supported, but contains mere conclusory allegations, is insufficient. However, given the Fourth Circuit's admonitions to liberally construe pro se pleadings, Gordon v. Leake, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978) and to allow a pro se litigant to particularize his claims, Coleman v. Peyton, 340 F.2d 603 (4th Cir. 1965), the undersigned is reluctant to recommend dismissal based on this argument.

## Conclusion

After reviewing the record, it appears that petitioner has failed to exhaust his state court remedies. It is, therefore, recommended that the petition be dismissed.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 8, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[3]Additionally, although not argued by respondents, it would appear that Muhammad could challenge the constitutionality of his confinement by filing a petition for writ of habeas corpus in the South Carolina Supreme Court. S.C. Constitution Art. I, § 18.

[4]Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) and Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201